[For subsequent proceedings in this litigation, see Cases Nos. 9,318–9,320.]

---

## Case No. 9,318.

### In re MAWSON.

[2 Ben. 332; <sup>1</sup> 1 N. B. R. 437 (Quarto. 115); 1 Am. Law T. Rep. Bankr. 122.]

District Court, S. D. New York. April, 1868.

BANKRUPTCY — VAGUE SPECIFICATIONS OF OPPOSITION TO DISCHARGE.

1. Specifications of opposition to a bankrupt's discharge were filed, which stated that he had concealed part of his estate, and had not delivered all his property to the assignee, and had made a transfer of part of his property to prevent its coming into the hands of the assignee: Held, that they were too vague, and should have specified the property.

2. A specification stated that the bankrupt had procured the assent of certain named creditors to his discharge, but did not state that such assent was procured by a pecuniary consideration or obligation: Held, that it was insufficient.

3. The same specification stated that the bankrupt had influenced the action of "the said creditors," since the filing of his petition, by a pecuniary consideration and obligation: Held, that it was sufficient.

[In the matter of George S. Mawson, a bankrupt.]

In this case, a creditor filed specifications of objection to the bankrupt's discharge as follows: First. That the bankrupt has concealed part of his estate, and has been guilty of fraud in not delivering to the assignee all of the property belonging to him at the time of the presentation of his petition and inventory. Second. That the bankrupt has procured the assent of Arnold, Nusbaum and Nordlinger, creditors, to his discharge; and that he has influenced the action of the said creditors, since the filing of his petition, by a pecuniary consideration and obligation. Third. That, in contemplation of becoming bankrupt, he has made a transfer or conveyance of part of his property, for the purpose of preventing the same from coming into the hands of the assignee, and of being

---

<sup>2</sup> [From 1 N. B. R. 265 (Quarto. 33).]

<sup>1</sup> [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

distributed according to law in satisfaction of his debts.

[For prior proceedings in this litigation, see Cases Nos. 9,317 and 9,320.]

F. C. Nye, for bankrupt.
J. Solis Ritterband, for creditor.

BLATCHFORD, District Judge. The first and third specifications of the grounds of opposition to the discharge are altogether too vague and general. [The first is that the bankrupt has concealed part of his estate, and has been guilty of fraud in not delivering to the assignee all of the property belonging to him at the time of the presentation of his petition and inventory.]2 The first ought to specify, with some particularity at least, what part of his estate he has concealed, and what property he has fraudulently failed to deliver. [The third specification is, that in contemplation of becoming bankrupt he has made a transfer or conveyance of part of his property for the purpose of preventing the same from coming into the hands of the assignee, and of being distributed according to law in satisfaction of his debts.]2 The third specification should state what part of his property he has so transferred.

[The second specification is, that he has procured the assent of Arnold, Nusbaum & Nordlinger, creditors, to his discharge; and that he has influenced the action of the said creditors since the filing of his petition by a pecuniary consideration and obligation.]2

As to the second specification, a bankrupt is not forbidden, by the twenty-ninth section of the act [of 1867 (14 Stat. 531)], to procure the assent of a creditor to his discharge, nor is he forbidden to influence the action of a creditor. The prohibition is against procuring such assent by any pecuniary consideration or obligation, and against influencing such action by any pecuniary consideration or obligation. The second specification in this case only avers, in regard to procuring the assent of the creditors to the discharge, that the bankrupt procured such assent, and does not aver that he procured it by any pecuniary consideration or obligation. It is, therefore, insufficient in that respect. In regard to influencing the action of the creditors, the specification names the creditors, and states that the influencing took place after the filing of the petition, and was by a pecuniary consideration and obligation. It does not state what the influencing consisted in, but it may, perhaps, fairly be inferred. that the specification means that it consisted in procuring the assent of the creditors named to the discharge. No other influencing can be given in evidence under the specification. The time is, perhaps. sufficiently averred, and. although the amount of the pecuniary consideration or obligation is not stated, I

2 [From 1 N. B. R. 437 (Quarto, 115).]

am inclined, on the whole, though with considerable hesitation, to hold the specification sufficient in its averment in regard to influencing the action of the creditors named, in the respect above defined. It borders very much, however, on a fishing specification, as, if the party had any facts within his knowledge or information, it is to be supposed he would have specified them.

[This decision must not be regarded as a precedent except for a case identically like it in all respects. The rule in regard to specifications has been so often heretofore defined by this court that it ought by this time to be well understood.]2

The case will stand for hearing on so much of the second specification as is so held to be sufficient, and will be heard whenever the parties have taken all the testimony they desire to present on the point. A reference may be had to the register in charge to take testimony on either side.

[For subsequent proceedings in this litigation, see Case No. 9,319.]

